UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,       )
                                )
                    Plaintiff,  )
                                )
        vs.                     )          12 C 2252
                                )
MAURICE MORRIS,                 )
                                )
                    Defendant.  )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on *pro se* Petitioner Maurice Morris's

("Morris") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C.

§ 2255.  For the following reasons, Morris's motion is denied.

## BACKGROUND

On December 4, 2008, Morris was indicted for knowingly and intentionally

distributing 61.1 grams of crack cocaine in violation of the Controlled Substances Act

("CSA"), 21 § U.S.C. 841(a)(1).  On January 13, 2011, Morris pled guilty to the

charged offense without a plea agreement.  The probation officer's pre-sentence

investigation report ("PSIR") calculated Morris's base offense level at 37, subject to a

three level reduction for his substantial cooperation with the government, for a total

offense level of 34. This offense level, coupled with a criminal history category of VI, yielded a guidelines range of 262 to 327 months imprisonment.

On April 20, 2011, the Court held a sentencing hearing and accepted the guidelines calculations as provided in the PSIR. After considering the factors provided in 18 U.S.C. § 3553, the Court sentenced Morris to a term of 120 months imprisonment, which was the mandatory minimum sentence allowable under the CSA. Morris's sentence represented a significant downward departure from the sentencing guidelines.

Morris now seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## LEGAL STANDARD

A prisoner may bring a habeas petition under Section 2255 if he believes that his sentence was in excess of the maximum authorized by law. 28 U.S.C. § 2255. A court limits habeas relief to a constitutional or jurisdictional error, or a fundamental defect that results in a complete miscarriage of justice. *Bischel v. United States*, 32 F.3d 259, 263 (7th Cir. 1994). When reviewing the evidence in a Section 2255 petition, the court draws all reasonable inferences in favor of the government. *Carnine v. United States*, 974 F.2d 924, 928 (7th Cir. 1992).

## DISCUSSION

Morris asserts two grounds in support of his habeas petition. First, Morris maintains that his sentence was in excess of the maximum authorized by law. Second, he claims that he received ineffective assistance of counsel.

## I.     Sentence In Excess of Maximum Authorized by Law

Morris maintains that the retroactive application of the Fair Sentencing Act of 2010 (the "FSA"), Pub. L. No. 111-220, 124 Stat. 2372-2375, warrants a reduction in his sentence. The FSA, effective August 3, 2010, minimized the disparity between the sentencing for cocaine- and crack-related offenses. *Id.* at 2372-73. In particular, the FSA reduced the maximum and minimum statutory penalties for the crack-related offenses proscribed by the CSA. Additionally, the Act required the United States Sentencing Commission (the "Sentencing Commission") to amend the guidelines to conform to the statute's provisions. *Id.* at 2374. The Sentencing Commission responded by implementing Amendments 748 and 750, which modified the Drug Quantity Table in Section 2D1.1 of the Sentencing Guidelines.[1] *See* United States Sentencing Guidelines Manual ("U.S.S.G."), App. C, Vol. III at 374-81, 391-98 (2011).

---

[1] Shortly after the enactment of the FSA, the Sentencing Commission promulgated Rule 748 as a temporary emergency amendment that took effect on November 1, 2010. Amendment 748 reduced the base offense levels for crack offenses by, in part, amending the Drug Quantity Tables in Section 2D1.1. *See* U.S.S.G., App. C., Vol. III at 374-381. Amendment 750 "re-promulgate[d] as permanent the temporary emergency amendment" and was made retroactive as of November 1, 2011. *See* U.S.S.G., App. C., Vol. III at 391-98, 416-21.

Morris maintains that he is entitled to a reduction in his sentence based on (1) Amendment 750. and (2) the reduced penalties in the FSA.

A district court retains "limited power to revisit sentences once they are imposed." *United States v. Goode*, 342 F.3d 741, 743 (7th Cir. 2003). However, a court may modify a sentence where (1) the sentencing range "has subsequently been lowered by the Sentencing Commission," and (2) "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009); U.S.S.G. § 1B1.10(a)(2)(B). If the sentencing range has not been lowered by an amendment to the guidelines, a court lacks jurisdiction to consider the reduction request. *Forman*, 553 F3d at 588.

We first consider whether Amendment 750 served to subsequently lower Morris's guideline range. Although Amendment 750 lowered the offense levels in the Drug Quantity Tables of Section 2D1.1, Morris was not sentenced under Section 2D1.1. Rather, he was sentenced as a career offender according to the provisions of Section 4B1.1. The Sentencing Commission has not promulgated a retroactive amendment to Section 4B1.1 that would warrant a reduction in Morris's sentence. *See U.S. v. Bonds*, No. 11-3909, slip-op. at *1 (7th Cir. Apr. 10, 2012) (citing *United States v. Guyton*, 636 F.3d 316 (7th Cir. 2011)). Moreover, the Sentencing Commission's commentary to

Amendment 750 expressly provides that career offenders who are sentenced pursuant to Section 4B1.1 will not receive the benefit of the amendment. U.S.S.G., App. C., Vol. III, at 394. Therefore, Morris is not entitled to a reduction in his sentence under Amendment 750.

The application of the FSA to Morris's sentence is not quite as straightforward. The FSA was effective at the time of Morris's sentencing but not at the time that he committed the charged offense. The career offender provisions of the Sentencing Guidelines determine an offender's base offense level by reference to the maximum sentence authorized by the criminal statute. U.S.S.G. § 4B1.1(b). The maximum sentence for Morris's offense under the CSA was life imprisonment (corresponding to a base offense level of 37 under Section 4B1.1), compared to 40 years under the FSA (base offense level of 34). The Court, relying on binding Seventh Circuit precedent, determined that because there was no indication that Congress intended the Act to apply retroactively, Morris was to be sentenced according to the CSA rather than the FSA. *See U.S. v. Fisher*, 635 F.3d 336, 340 (7th Cir. 2011), *vacated and remanded*, *Dorsey v. U.S.*, 132 S.Ct. 2321 (2012). With a three-level reduction for substantial assistance and a criminal history category of VI, Morris's guideline range under the CSA was 262-327 months, whereas under the FSA it would have only been 188-235 months.

The Supreme Court recently determined that the FSA does apply retroactively to offenders whose crimes pre-dated the FSA but were sentenced after the FSA's effective date. *Dorsey*, 132 S.Ct. at 2331. Even though retroactive application of the FSA would have lowered Morris's guideline range, Morris still does not meet the requirements of 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) expressly provides that a sentencing reduction is only available when the Sentencing Commission has modified the guidelines in accordance with statutorily-prescribed procedures. 18 U.S.C. § 3582(c)(2). Here, Congress rather than the Sentencing Commission, amended the CSA, which incidentally affected Morris's applicable guideline range. Absent any corresponding action by the Sentencing Commission, the plain language of 18 U.S.C. § 3582(c)(2) does not warrant a reduction in Morris's sentence. This reasoning has been endorsed by the Sentencing Commission in a policy statement, which provides that "eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range . . . . Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. §3582(c)(2) if . . . none of the amendments listed in subsection (c) is applicable to the defendant." U.S.S.G. § 1B1.10. Here, the effects of the FSA on the career guideline provisions of Section 4B1.l are not the equivalent of any amendment listed in subsection (c) of the Sentencing Guidelines.

Therefore, Morris has failed to show that the Sentencing Commission has lowered the applicable sentencing guideline range, even in light of the Supreme Court's decision in *Dorsey*. Accordingly, the Court lacks jurisdiction to consider Morris's request for a sentence reduction. *See Forman*, 553 F3d at 588.

## II.     Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, a petitioner must demonstrate that: (1) his attorney's performance was deficient; and (2) such representation prejudiced his case. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the first prong, Morris must establish that his attorney's performance fell below an "objective standard of reasonableness." *Wyatt v. United States*, 574 F.3d 455, 457-58 (7th Cir. 2009). To satisfy the second prong, Morris must show that "it is reasonably likely that, but for counsel's errors, he would not have pled guilty and would have pursued going to trial." *Id.* A strong presumption of effective assistance of counsel attaches to an attorney's representation of a criminal defendant. *United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995).

Morris pled guilty to the charges in the indictment without a plea agreement. He now contends that his attorney was ineffective for failing to secure a plea agreement with full appellate rights. Morris purportedly intended to appeal his sentence by

arguing that the FSA should have been applied retroactively to his offense.[2]  In entering

a blind plea, Morris did not waive his right to appeal his sentence based on a perceived

error in the guidelines calculations.  Therefore, Morris's attorney's failure to secure him

a plea agreement did not prejudice Morris's appellate rights with regards to his claimed

sentencing errors.

Morris also maintains that his attorney was ineffective because she advised him

that a challenge or appeal of his sentence would be futile in light of established Seventh

Circuit authority holding that the FSA does not apply retroactively.  *See Fisher*, 635

F.3d at 340.  Although *Fisher* was subsequently reversed by the Supreme Court in

*Dorsey*, it was binding precedent on the district court at the time of Morris's sentencing.

Therefore, Morris's attorney's representation that an appeal would be futile was not

objectively unreasonable.  Morris has not provided any evidence that he insisted on

pursuing an appeal, despite his attorney's advice on the unlikelihood of the success of

such an appeal.  This lack of evidence, coupled with the strong presumption favoring

the reasonableness of an attorney's representation, is fatal to Morris's ineffective

assistance of counsel claim.

---

[2]  At the time of his sentence, the Supreme Court had not yet issued its opinion in *Dorsey*, where it held that the FSA applies retroactively to those offenders whose crimes preceded the effective date of the FSA but who were sentenced after that date.  132 S.Ct. at 2331.

## CONCLUSION

In light of the foregoing, Morris's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied.

_____
Charles P. Kocoras
United States District Judge

Dated:  August 1, 2012